IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 7 2011

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| MICHAEL T. MONTOYA, | § | |
| PRIME MORTGAGE INVESTMENTS, INC., | § | |
| FARID SEIF, | § | |
| RANDY DEPOISTER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No. 10-1148 |
| | § | |
| MOHAMMED H. BINLADIN; | § | |
| TAMM COMPANY; | § | |
| TAMM COMMUNICATIONS/TAMM | § | |
| MODERN ADVERTISING CO. LTD.; | § | |
| TAMM COMMUNICATIONS; | § | |
| TAMM MODERN ADVERTISING CO. LTD. | § | |
| SAUDI BINLADIN GROUP; | § | |
| HASSAN BINLADIN, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, MICHAEL T. MONTOYA, PRIME MORTGAGE INVESTMENTS, INC., FARID SEIF, and RANDY DEPOISTER (collectively referred to as "Plaintiffs"), complaining of MOHAMMED H. BINLADIN; TAMM COMPANY; TAMM COMMUNICATIONS a/k/a TAMM COMMUNICATIONS/TAMM MODERN ADVERTISING CO. LTD.; TAMM MODERN ADVERTISING CO., LTD a/k/a TAMM COMMUNICATIONS/TAMM MODERN ADVERTISING CO. LTD.; the SAUDI BINLADIN GROUP; and HASSAN BINLADIN (collectively referred to as "Defendants"), and pursuant to this Court's Order of December 2, 2010, that Plaintiffs file their amended complaint on or before January 31, 2011, file this their First Amended Complaint, and would show the Court and Jury as follows:

# I.
## THE PARTIES

1.      Plaintiff MICHAEL T. MONTOYA ("Montoya) is a resident of New Mexico.

2.      Plaintiff PRIME MORTGAGE INVESTMENTS, INC. ("PMI") is a corporation, duly organized and existing pursuant to the laws and statutes of the State of New Mexico.

3.      Plaintiff FARID SEIF ("Farid") is a resident of Houston, Texas.

4.      Plaintiff RANDY DEPOISTER ("Depoister") is a resident of Illinois.

5.      Defendant **MOHAMMED H. BINLADIN** ("Mohammed Binladin") is an individual who conducts business in and resides in Jeddah, Kingdom of Saudi Arabia. This Honorable Court has previously issued a summons with respect to this Defendant; this Defendant was previously served with process, including receiving the Plaintiffs' Original Complaint, by mail; and this Defendant has previously received the requisite notice and service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Nevertheless, out of an abundance of caution, the Plaintiffs are hereby setting forth additional facts with respect to this Defendant and issuing additional summons to this Defendant, as set forth as follows: Mohammed Binladin is the CEO and Managing Director of the TAMM Company, TAMM Communications, and TAMM Modern Advertising Co. Ltd., and all of their affiliates (hereinafter sometimes collectively referred to as "TAMM" or "the TAMM Defendants").

In connection with the commercial transactions which are described in detail in this Amended Complaint, Mohammed Binladin entered into oral and/or written contracts with Plaintiffs Michael T. Montoya and Prime Mortgage Investments, Inc. At all times material to this cause, Montoya was a director with PMI. In a written agreement titled "Non-Circumvention, Non-Disclosure and

Working Agreement" (NCND), Mohammed Binladin and the TAMM Defendants contractually agreed with Montoya that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the U.S. District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas.  J.  The signing parties hereby accept such selected jurisdiction as the exclusive venue.

It is significant that Mohammed Binladin and the TAMM Defendants recognized, stipulated, and agreed that the State of Texas and the laws of the State of Texas were so important in interpreting and resolving conflicts that might arise with respect to the NCND written agreement ***and other agreements between the parties***, that they agreed that the State of Texas and this Honorable Court shall be the "selected jurisdiction as the exclusive venue" for the resolution of all disputes.  Equally important, in submitting themselves to this jurisdiction and venue, was the stipulation and agreement by Mohammed Binladin and the TAMM Defendants in the NCND written contract that:

> This document applies to this, and any future spot or contract purchases that may take place between the respective Buyer and Seller named.  The associated Mandates, Buyers, Agents, Intermediaries, others referred to herein, are to be compensated for those current and future transactions in accordance with the principles set forth in this [NCND] agreement.

Mohammed Binladin and the TAMM Defendants thereby agreed and stipulated to the necessary pre-requisites to confer jurisdiction and venue in this Honorable Court for the resolution of all disputes with respect to the NCND written agreement and all other disputes with respect to transactions involving themselves, Montoya, PMI, and other "Beneficiaries," such as Plaintiffs Farid Seif and Randy Depoister.  Equally important, the NCND contractual agreement between Mohammed Binladin, the TAMM Defendants and Montoya also recognized Montoya as one of the "Beneficiaries" of that contract, entitled to receive 1% of the face value of the investments entered

into by Mohammed Binladin and the TAMM Defendants.

Further, Mohammed Binladin and the TAMM Defendants had other substantial contacts with Houston, Texas, with respect to the performance of other oral and written contracts and transactions made the basis of this lawsuit. One of the Plaintiffs, Farid Seif, at all times material to this suit, has been a resident of Houston, Texas. Both Farid and Randy Depoister were "Beneficiaries" on the "Seller" side of all of the investment transactions and written contracts which Mohammed Binladin and the TAMM Defendants were obligated to perform under the terms and conditions of those written contracts. Therefore, Mohammed Binladin and the TAMM Defendants were required to render substantial performance of the written contract, together with other oral contracts which they made to Farid and Depoister as "Beneficiaries" of written contracts that were to be performed, in part, in Houston, Texas.

Mohammed Binladin and the TAMM Defendants purposely availed themselves of the privilege of conducting business activities within the State of Texas with one or more of the Plaintiffs, thus invoking the benefits and protections of the laws and statutes of the State of Texas. Mohammed Binladin and the TAMM Defendants purposely directed their activities toward the State of Texas in connection with the oral and written contracts made the basis of this lawsuit. In entering into the transactions made the basis of this lawsuit, Mohammed Binladin's and the TAMM Defendants' acts were voluntary and substantial, as those terms are defined and applied under the laws and statutes of the State of Texas, and the acts and omissions on the part of Mohammed Binladin and the TAMM Defendants were neither remote nor immaterial. "But for" Mohammed Binladin's and the TAMM Defendants' voluntary actions in connection with the transactions, the oral and written contracts with the Plaintiffs, including the aforementioned NCND, the causes of

4

action made the basis of this lawsuit, as set forth in this Amended Complaint, would not have arisen.

Therefore, Mohammed Binladin and the TAMM Defendants have substantial contacts with the State of Texas in connection with the contracts and transactions made the basis of this lawsuit; and Mohammed Binladin and the TAMM Defendants reasonably could anticipate being hailed into the courts of the State of Texas, and in particular the U.S. District Court for the Southern District of Texas – this Honorable Court. Further, Mohammed Binladin and the TAMM Defendants purposely established the contacts in connection with the transactions made the basis of this suit and the oral and written contracts with one or more of the Plaintiffs, taking into consideration negotiations which they entered into, the contemplated future consequences of the transactions and contractual agreements to which they agreed, the terms of the oral and written contracts they entered into, and the actual course of dealing which Mohammed Binladin and the TAMM Defendants performed, or should have performed, in connection with the negotiation and anticipated performance of the transactions and written contracts they entered into with the Plaintiffs in this case. Furthermore, Mohammed Binladin and the TAMM Defendants could reasonably anticipate that the consequences arising from a dispute with respect these contracts, including the NCND, would be resolved in the State of Texas, particularly in the U.S. District Court in the Southern District of Texas – a jurisdiction and venue to which both Mohammed Binladin and the TAMM Defendants stipulated and agreed.

In other words, Mohammed Binladin and the TAMM Defendants voluntarily and purposely contracted "by mail or otherwise with a Texas resident [wherein] either party is to perform the contract in whole or in part in this state;" and Mohammed Binladin committed "a tort in whole or in part in this state," as set forth in detail within this Amended Complaint. Pursuant to Section

17.044(b), CPRC, **SUBSTITUTED SERVICE ON SECRETARY OF STATE**, "the Secretary of State is an agent for service of process on a non-resident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the non-resident is a party." Therefore, pursuant to Section 17.045, CPRC, the Secretary of State shall be served with duplicate copies of this First Amended Complaint and citation and service of process for Mohammed Binladin, and upon service of same upon the Secretary of State of the State of Texas, the Secretary of State shall immediately mail a copy of the First Amended Complaint and process to Defendant Mohammed H. Binladin, by registered mail, to:

> Mr. Mohammed H. Binladin
> Al-Wiladah Hospital Street
> P.O. Box 50710
> Al-Hamra District
> Jeddah 21533
> Kingdom of Saudi Arabia.

For further service of process, if such be necessary, under Rule 4 of the Federal Rules of Civil Procedure, Defendant Mohammed H. Binladin may be served with this Plaintiffs' First Amended Complaint by serving him at Al-Wiladah Hospital Street, P.O. Box 50710, Al-Hamra District, Jeddah 21533, Kingdom of Saudi Arabia.

6.     Defendant **TAMM COMPANY** is a business entity that is a division, subsidiary, and/or "a part of" the Saudi Binladin Group ("SBG"). Mohammed Binladin is the CEO and Managing Director of the TAMM Company, TAMM Communications, and TAMM Modern Advertising Co. Ltd., and all of their affiliates (hereinafter sometimes collectively referred to as "TAMM" or "the TAMM Defendants").

6

In connection with the commercial transactions which are described in detail in this Amended Complaint, Mohammed Binladin and the TAMM Company entered into oral and/or written contracts with Plaintiffs Michael T. Montoya and Prime Mortgage Investments, Inc. At all times material to this cause, Montoya was a director with PMI. In a written agreement titled "Non-Circumvention, Non-Disclosure and Working Agreement" (NCND), Mohammed Binladin and the TAMM Company contractually agreed with Montoya that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the U.S. District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas. J. The signing parties hereby accept such selected jurisdiction as the exclusive venue.

It is significant that Mohammed Binladin and the TAMM Company recognized, stipulated, and agreed that the State of Texas and the laws of the State of Texas were so important in interpreting and resolving conflicts that might arise with respect to the NCND written agreement ***and other agreements between the parties***, that they agreed that the State of Texas and this Honorable Court shall be the "selected jurisdiction as the exclusive venue" for the resolution of all disputes. Equally important, in submitting themselves to this jurisdiction and venue, was the stipulation and agreement by Mohammed Binladin and the TAMM Company in the NCND written contract that:

> This document applies to this, and any future spot or contract purchases that may take place between the respective Buyer and Seller named. The associated Mandates, Buyers, Agents, Intermediaries, others referred to herein, are to be compensated for those current and future transactions in accordance with the principles set forth in this [NCND] agreement.

Mohammed Binladin and the TAMM Company thereby agreed and stipulated to the necessary prerequisites to confer jurisdiction and venue in this Honorable Court for the resolution of all disputes with respect to the NCND written agreement and all other disputes with respect to transactions

involving themselves, Montoya, PMI, and other "Beneficiaries," such as Plaintiffs Farid Seif and Randy Depoister.   Equally important, the NCND contractual agreement between Mohammed Binladin, the TAMM Company and Montoya also recognized Montoya as one of the "Beneficiaries" of that contract, entitled to receive 1% of the face value of the investments entered into by Mohammed Binladin and the TAMM Company.

Further, Mohammed Binladin and the TAMM Company had other substantial contacts with Houston, Texas, with respect to the performance of other oral and written contracts and transactions made the basis of this lawsuit.  One of the Plaintiffs, Farid Seif, at all times material to this suit, has been a resident of Houston, Texas.  Both Farid and Randy Depoister were "Beneficiaries" on the "Seller" side of all of the investment transactions and written contracts which Mohammed Binladin and the TAMM Company were obligated to perform under the terms and conditions of those written contracts.  Therefore, Mohammed Binladin and the TAMM Company were required to render substantial performance of the written contract, together with other oral contracts which they made to Farid and Depoister as "Beneficiaries" of written contracts that were to be performed, in part, in Houston, Texas.

Mohammed Binladin and the TAMM Company purposely availed themselves of the privilege of conducting business activities within the State of Texas with one or more of the Plaintiffs, thus invoking the benefits and protections of the laws and statutes of the State of Texas.  Mohammed Binladin and the TAMM Company purposely directed their activities toward the State of Texas in connection with the oral and written contracts made the basis of this lawsuit.  In entering into the transactions made the basis of this lawsuit, Mohammed Binladin's and the TAMM Company' acts were voluntary and substantial, as those terms are defined and applied under the laws and statutes

of the State of Texas, and the acts and omissions on the part of Mohammed Binladin and the TAMM Company were neither remote nor immaterial. "But for" Mohammed Binladin's and the TAMM Company's voluntary actions in connection with the transactions, the oral and written contracts with the Plaintiffs, including the aforementioned NCND, the causes of action made the basis of this lawsuit, as set forth in this Amended Complaint, would not have arisen.     Therefore, Mohammed Binladin and the TAMM Company have substantial contacts with the State of Texas in connection with the contracts and transactions made the basis of this lawsuit; and Mohammed Binladin and the TAMM Company reasonably could anticipate being hailed into the courts of the State of Texas, and in particular the U.S. District Court for the Southern District of Texas – this Honorable Court. Further, Mohammed Binladin and the TAMM Company purposely established the contacts in connection with the transactions made the basis of this suit and the oral and written contracts with one or more of the Plaintiffs, taking into consideration negotiations which they entered into, the contemplated future consequences of the transactions and contractual agreements to which they agreed, the terms of the oral and written contracts they entered into, and the actual course of dealing which Mohammed Binladin and the TAMM Company performed, or should have performed, in connection with the negotiation and anticipated performance of the transactions and written contracts they entered into with the Plaintiffs in this case. Furthermore, Mohammed Binladin and the TAMM Company could reasonably anticipate that the consequences arising from a dispute with respect these contracts, including the NCND, would be resolved in the State of Texas, particularly in the U.S. District Court in the Southern District of Texas – a jurisdiction and venue to which both Mohammed Binladin and the TAMM Company stipulated and agreed.

In other words, Mohammed Binladin and the TAMM Company voluntarily and purposely contracted "by mail or otherwise with a Texas resident [wherein] either party is to perform the contract in whole or in part in this state;" and Mohammed Binladin committed "a tort in whole or in part in this state," as set forth in detail within this Amended Complaint. Pursuant to Section 17.044(b), CPRC, **SUBSTITUTED SERVICE ON SECRETARY OF STATE**, "the Secretary of State is an agent for service of process on a non-resident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the non-resident is a party." Therefore, pursuant to Section 17.045, CPRC, the Secretary of State shall be served with duplicate copies of this First Amended Complaint and citation and service of process for TAMM COMPANY, and upon service of same upon the Secretary of State of the State of Texas, the Secretary of State shall immediately mail a copy of the First Amended Complaint and process to Defendant TAMM COMPANY, by registered mail, to:

> TAMM COMPANY
> Al-Wiladah Hospital Street
> P.O. Box 50710
> Al-Hamra District
> Jeddah 21533
> Kingdom of Saudi Arabia.

For further service of process, if such be necessary, under Rule 4 of the Federal Rules of Civil Procedure, Defendant TAMM COMPANY may be served with this Plaintiffs' First Amended Complaint by serving the TAMM COMPANY at Al-Wiladah Hospital Street, P.O. Box 50710, Al-Hamra District, Jeddah 21533, Kingdom of Saudi Arabia.

7.       Defendant **TAMM COMMUNICATIONS a/k/a TAMM COMMUNICATIONS/TAMM MODERN ADVERTISING CO. LTD.** is a business entity that is a division, subsidiary, and/or "a part of" the Saudi Binladin Group ("SBG").   Mohammed Binladin is the CEO and Managing Director of TAMM COMMUNICATIONS.  This Honorable Court has previously issued a summons with respect to this Defendant; this Defendant was previously served with process, including receiving the Plaintiffs' Original Complaint, by mail; and this Defendant has previously received the requisite notice and service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Nevertheless, out of an abundance of caution, the Plaintiffs are hereby setting forth additional facts with respect to this Defendant and issuing additional citations to this Defendant, as set forth as follows:   Mohammed Binladin is the Managing Director of the TAMM Company, TAMM Communications, and TAMM Modern Advertising Co. Ltd., and all of their affiliates (hereinafter sometimes collectively referred to as "TAMM" or "the TAMM Defendants").

In connection with the commercial transactions which are described in detail in this Amended Complaint, Mohammed Binladin and TAMM Communications entered into oral and/or written contracts with Plaintiffs Michael T. Montoya and Prime Mortgage Investments, Inc.  At all times material to this cause, Montoya was a director with PMI.  In a written agreement titled "Non-Circumvention, Non-Disclosure and Working Agreement" (NCND), Mohammed Binladin and TAMM Communications contractually agreed with Montoya that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the U.S. District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas.  J.  The signing parties hereby accept such selected jurisdiction as the exclusive venue.

It is significant that Mohammed Binladin and TAMM Communications recognized, stipulated, and agreed that the State of Texas and the laws of the State of Texas were so important in interpreting and resolving conflicts that might arise with respect to the NCND written agreement ***and other agreements between the parties***, that they agreed that the State of Texas and this Honorable Court shall be the "selected jurisdiction as the exclusive venue" for the resolution of all disputes.  Equally important, in submitting themselves to this jurisdiction and venue, was the stipulation and agreement by Mohammed Binladin and TAMM Communications in the NCND written contract that:

> This document applies to this, and any future spot or contract purchases that may take place between the respective Buyer and Seller named.  The associated Mandates, Buyers, Agents, Intermediaries, others referred to herein, are to be compensated for those current and future transactions in accordance with the principles set forth in this [NCND] agreement.

Mohammed Binladin and TAMM Communications thereby agreed and stipulated to the necessary pre-requisites to confer jurisdiction and venue in this Honorable Court for the resolution of all disputes with respect to the NCND written agreement and all other disputes with respect to transactions involving themselves, Montoya, PMI, and other "Beneficiaries," such as Plaintiffs Farid Seif and Randy Depoister.  Equally important, the NCND contractual agreement between Mohammed Binladin, TAMM Communications and Montoya also recognized Montoya as one of the "Beneficiaries" of that contract, entitled to receive 1% of the face value of the investments entered into by Mohammed Binladin and TAMM Communications.

Further, Mohammed Binladin and TAMM Communications had other substantial contacts with Houston, Texas, with respect to the performance of other oral and written contracts and transactions made the basis of this lawsuit. One of the Plaintiffs, Farid Seif, at all times material to this suit, has been a resident of Houston, Texas.  Both Farid and Randy Depoister were

12

"Beneficiaries" on the "Seller" side of all of the investment transactions and written contracts which Mohammed Binladin and TAMM Communications were obligated to perform under the terms and conditions of those written contracts. Therefore, Mohammed Binladin and TAMM Communications were required to render substantial performance of the written contract, together with other oral contracts which they made to Farid and Depoister as "Beneficiaries" of written contracts that were to be performed, in part, in Houston, Texas.

Mohammed Binladin and TAMM Communications purposely availed themselves of the privilege of conducting business activities within the State of Texas with one or more of the Plaintiffs, thus invoking the benefits and protections of the laws and statutes of the State of Texas. Mohammed Binladin and TAMM Communications purposely directed their activities toward the State of Texas in connection with the oral and written contracts made the basis of this lawsuit. In entering into the transactions made the basis of this lawsuit, Mohammed Binladin's and TAMM Communications' acts were voluntary and substantial, as those terms are defined and applied under the laws and statutes of the State of Texas, and the acts and omissions on the part of Mohammed Binladin and TAMM Communications were neither remote nor immaterial. "But for" Mohammed Binladin's and TAMM Communications's voluntary actions in connection with the transactions, the oral and written contracts with the Plaintiffs, including the aforementioned NCND, the causes of action made the basis of this lawsuit, as set forth in this Amended Complaint, would not have arisen.

Therefore, Mohammed Binladin and TAMM Communications have substantial contacts with the State of Texas in connection with the contracts and transactions made the basis of this lawsuit; and Mohammed Binladin and TAMM Communications reasonably could anticipate being hailed into the courts of the State of Texas, and in particular the U.S. District Court for the Southern District of

13

Texas – this Honorable Court.   Further, Mohammed Binladin and TAMM Communications purposely established the contacts in connection with the transactions made the basis of this suit and the oral and written contracts with one or more of the Plaintiffs, taking into consideration negotiations which they entered into, the contemplated future consequences of the transactions and contractual agreements to which they agreed, the terms of the oral and written contracts they entered into, and the actual course of dealing which Mohammed Binladin and TAMM Communications performed, or should have performed, in connection with the negotiation and anticipated performance of the transactions and written contracts they entered into with the Plaintiffs in this case. Furthermore, Mohammed Binladin and TAMM Communications could reasonably anticipate that the consequences arising from a dispute with respect these contracts, including the NCND, would be resolved in the State of Texas, particularly in the U.S. District Court in the Southern District of Texas – a jurisdiction and venue to which both Mohammed Binladin and TAMM Communications stipulated and agreed.

In other words, Mohammed Binladin and TAMM Communications voluntarily and purposely contracted "by mail or otherwise with a Texas resident [wherein] either party is to perform the contract in whole or in part in this state;" and Mohammed Binladin committed "a tort in whole or in part in this state," as set forth in detail within this Amended Complaint.  Pursuant to Section 17.044(b), CPRC, SUBSTITUTED SERVICE ON SECRETARY OF STATE, "the Secretary of State is an agent for service of process on a non-resident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the non-resident is a party." Therefore, pursuant to Section 17.045, CPRC, the Secretary of State shall be served with duplicate

14

copies of this First Amended Complaint and citation and service of process for TAMM Communications, and upon service of same upon the Secretary of State of the State of Texas, the Secretary of State shall immediately mail a copy of the First Amended Complaint and process to Defendant TAMM Communications, by registered mail, to:

> TAMM Communications
> Al-Wiladah Hospital Street
> P.O. Box 50710
> Al-Hamra District
> Jeddah 21533
> Kingdom of Saudi Arabia

For further service of process, if such be necessary, under Rule 4 of the Federal Rules of Civil Procedure, Defendant TAMM Communications may be served with this Plaintiffs' First Amended Complaint by serving it at Al-Wiladah Hospital Street, P.O. Box 50710, Al-Hamra District, Jeddah 21533, Kingdom of Saudi Arabia.

8.      Defendant **TAMM MODERN ADVERTISING CO. LTD. a/k/a TAMM COMMUNICATIONS/TAMM MODERN ADVERTISING CO. LTD.** is a business entity that is a division, subsidiary, and/or "a part of" the Saudi Binladin Group ("SBG"). This Honorable Court has previously issued a summons with respect to this Defendant; this Defendant was previously served with process, including receiving the Plaintiffs' Original Complaint, by mail; and this Defendant has previously received the requisite notice and service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Nevertheless, out of an abundance of caution, the Plaintiffs are hereby setting forth additional facts with respect to this Defendant and issuing additional citations to this Defendant, as set forth as follows: Mohammed Binladin is the CEO and Managing Director of the TAMM Company, TAMM Communications, and TAMM Modern

Advertising Co. Ltd., and all of their affiliates (hereinafter sometimes collectively referred to as "TAMM" or "the TAMM Defendants").

In connection with the commercial transactions which are described in detail in this Amended Complaint, Mohammed Binladin and TAMM Modern Advertising Co. Ltd. entered into oral and/or written contracts with Plaintiffs Michael T. Montoya and Prime Mortgage Investments, Inc. At all times material to this cause, Montoya was a director with PMI. In a written agreement titled "Non-Circumvention, Non-Disclosure and Working Agreement" (NCND), Mohammed Binladin and TAMM Modern Advertising Co. Ltd. contractually agreed with Montoya that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the U.S. District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas. J. The signing parties hereby accept such selected jurisdiction as the exclusive venue.

It is significant that Mohammed Binladin and TAMM Modern Advertising Co. Ltd. recognized, stipulated, and agreed that the State of Texas and the laws of the State of Texas were so important in interpreting and resolving conflicts that might arise with respect to the NCND written agreement *and other agreements between the parties*, that they agreed that the State of Texas and this Honorable Court shall be the "selected jurisdiction as the exclusive venue" for the resolution of all disputes. Equally important, in submitting themselves to this jurisdiction and venue, was the stipulation and agreement by Mohammed Binladin and TAMM Modern Advertising Co. Ltd. in the NCND written contract that:

> This document applies to this, and any future spot or contract purchases that may take place between the respective Buyer and Seller named. The associated Mandates, Buyers, Agents, Intermediaries, others referred to herein, are to be compensated for those current and future transactions in accordance with the principles set forth in this [NCND] agreement.

16

Mohammed Binladin and TAMM Modern Advertising Co. Ltd. thereby agreed and stipulated to the necessary pre-requisites to confer jurisdiction and venue in this Honorable Court for the resolution of all disputes with respect to the NCND written agreement and all other disputes with respect to transactions involving themselves, Montoya, PMI, and other "Beneficiaries," such as Plaintiffs Farid Seif and Randy Depoister.   Equally important, the NCND contractual agreement between Mohammed Binladin, TAMM Modern Advertising Co. Ltd. and Montoya also recognized Montoya as one of the "Beneficiaries" of that contract, entitled to receive 1% of the face value of the investments entered into by Mohammed Binladin and TAMM Modern Advertising Co. Ltd.

Further, Mohammed Binladin and TAMM Modern Advertising Co. Ltd. had other substantial contacts with Houston, Texas, with respect to the performance of other oral and written contracts and transactions made the basis of this lawsuit.  One of the Plaintiffs, Farid Seif, at all times material to this suit, has been a resident of Houston, Texas.  Both Farid and Depoister were "Beneficiaries" on the "Seller" side of all of the investment transactions and written contracts which Mohammed Binladin and TAMM Modern Advertising Co. Ltd. were obligated to perform under the terms and conditions of those written contracts.   Therefore, Mohammed Binladin and TAMM Modern Advertising Co. Ltd were required to render substantial performance of the written contract, together with other oral contracts which they made to Farid and Depoister as "Beneficiaries" of written contracts that were to be performed, in part, in Houston, Texas.

Mohammed Binladin and TAMM Modern Advertising Co. Ltd. purposely availed themselves of the privilege of conducting business activities within the State of Texas with one or more of the Plaintiffs, thus invoking the benefits and protections of the laws and statutes of the State of Texas. Mohammed Binladin and TAMM Modern Advertising Co. Ltd. purposely directed their activities

toward the State of Texas in connection with the oral and written contracts made the basis of this lawsuit. In entering into the transactions made the basis of this lawsuit, Mohammed Binladin's and TAMM Modern Advertising Co. Ltd.' acts were voluntary and substantial, as those terms are defined and applied under the laws and statutes of the State of Texas, and the acts and omissions on the part of Mohammed Binladin and TAMM Modern Advertising Co. Ltd. were neither remote nor immaterial. "But for" Mohammed Binladin's and TAMM Modern Advertising Co. Ltd.'s voluntary actions in connection with the transactions, the oral and written contracts with the Plaintiffs, including the aforementioned NCND, the causes of action made the basis of this lawsuit, as set forth in this Amended Complaint, would not have arisen. Therefore, Mohammed Binladin and TAMM Modern Advertising Co. Ltd. have substantial contacts with the State of Texas in connection with the contracts and transactions made the basis of this lawsuit; and Mohammed Binladin and TAMM Modern Advertising Co. Ltd. reasonably could anticipate being hailed into the courts of the State of Texas, and in particular the U.S. District Court for the Southern District of Texas – this Honorable Court. Further, Mohammed Binladin and TAMM Modern Advertising Co. Ltd. purposely established the contacts in connection with the transactions made the basis of this suit and the oral and written contracts with one or more of the Plaintiffs, taking into consideration negotiations which they entered into, the contemplated future consequences of the transactions and contractual agreements to which they agreed, the terms of the oral and written contracts they entered into, and the actual course of dealing which Mohammed Binladin and TAMM Modern Advertising Co. Ltd. performed, or should have performed, in connection with the negotiation and anticipated performance of the transactions and written contracts they entered into with the Plaintiffs in this case. Furthermore, Mohammed Binladin and TAMM Modern Advertising Co. Ltd. could reasonably

anticipate that the consequences arising from a dispute with respect these contracts, including the NCND, would be resolved in the State of Texas, particularly in the U.S. District Court in the Southern District of Texas – a jurisdiction and venue to which both Mohammed Binladin and TAMM Modern Advertising Co. Ltd. stipulated and agreed.

In other words, Mohammed Binladin and TAMM Modern Advertising Co. Ltd. voluntarily and purposely contracted "by mail or otherwise with a Texas resident [wherein] either party is to perform the contract in whole or in part in this state;" and Mohammed Binladin committed "a tort in whole or in part in this state," as set forth in detail within this Amended Complaint. Pursuant to Section 17.044(b), CPRC, **SUBSTITUTED SERVICE ON SECRETARY OF STATE**, "the Secretary of State is an agent for service of process on a non-resident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the non-resident is a party." Therefore, pursuant to Section 17.045, CPRC, the Secretary of State shall be served with duplicate copies of this First Amended Complaint and citation and service of process for TAMM Modern Advertising Co. Ltd., and upon service of same upon the Secretary of State of the State of Texas, the Secretary of State shall immediately mail a copy of the First Amended Complaint and process to Defendant TAMM Modern Advertising Co. Ltd., by registered mail, to:

> TAMM Modern Advertising Co. Ltd.
> Al-Wiladah Hospital Street
> P.O. Box 50710
> Al-Hamra District
> Jeddah 21533
> Kingdom of Saudi Arabia

For further service of process, if such be necessary, under Rule 4 of the Federal Rules of Civil Procedure, Defendant TAMM Modern Advertising Co. Ltd. may be served with this Plaintiffs' First Amended Complaint by serving it at Al-Wiladah Hospital Street, P.O. Box 50710, Al-Hamra District, Jeddah 21533, Kingdom of Saudi Arabia.

9.      Defendant **SAUDI BINLADIN GROUP ("SBG")** is an operating and holding company of various business enterprises, including, but not limited to, the TAMM COMPANY, TAMM COMMUNICATIONS, and TAMM MODERN ADVERTISING CO. LTD.  The international headquarters for SBG is located in the Kingdom of Saudi Arabia.  At all times material to this lawsuit, Hassan Binladin is the Senior Vice-President of SBG.  At all times material to this lawsuit, Defendants HASSAN BINLADIN, MOHAMMED H. BINLADIN, TAMM COMPANY, TAMM COMMUNICATIONS, and TAMM MODERN ADVERTISING CO. LTD. were acting as the authorized agents, assigns, officers, and/or alter ego of SBG, as those terms are defined and applied under the laws and statutes of the State of Texas.  Further, at all times material to this cause, the bank deposits and monetary consideration with respect to the investment transactions, oral and business transactions made the basis of this lawsuit were those of SBG, and Defendants HASSAN BINLADIN, MOHAMMED H. BINLADIN, TAMM COMPANY, TAMM COMMUNICATIONS, and TAMM MODERN ADVERTISING CO. LTD. had the right to control and/or exercised actual control over the SBG bank accounts and money deposits totaling in excess of $1.6 Billion, which was the monetary consideration and investment money for the investments and business transactions for the investment transactions, oral and/or written contracts made the basis of this lawsuit, and described in greater particularity in this First Amended Complaint.  Since the TAMM Defendants were acting as the authorized agents and assigns of SBG with respect to the investment activities and

business transactions that constitute the contacts and connections to the State of Texas in this lawsuit, ths Court also has personal jurisdiction over SBG, under principles of agency, as that term is defined and applied under the laws and statutes of the State of Texas.  Defendant SBG, through a number of its companies and affiliates, has purposely and voluntarily conducted business in the State of Texas, and in connection with this lawsuit, and the business transactions, investments, oral and/or written contracts made the basis of this lawsuit, Plaintiffs specifically incorporate the allegations and facts set forth in paragraphs 5 through 8, above, into this paragraph with respect to SBC, as if set forth verbatim herein for all purposes.  Furthermore, since Defendants Mohammed H. Binladin, TAMM Company, TAMM Communications, TAMM Modern Advertising Co. Ltd. and Hassan Binladin acted as the authorized agents, assigns, alter egos and/or vice-principals of SBG in connection with the business transactions, investments, oral contracts, and written contracts made the basis of this lawsuit, SBG had substantial contacts with the State of Texas and is bound by the written contract entered into by Mohammed Binladin and the TAMM Defendants, which stipulated that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the U.S. District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas.  J.  The signing parties hereby accept such selected jurisdiction as the exclusive venue.

This Honorable Court has previously issued a summons with respect to this Defendant; this Defendant was previously served with process, including receiving the Plaintiffs' Original Complaint, by mail; and this Defendant has previously received the requisite notice and service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Nevertheless, out of an abundance of caution, the Plaintiffs are hereby setting forth additional facts with respect to this Defendant and issuing additional citations to this Defendant, as set forth as follows:

In connection with the commercial transactions which are described in detail in this Amended Complaint, as authorized agents of SBG, Mohammed Binladin and the TAMM Defendants entered into oral and/or written contracts with Plaintiffs Michael T. Montoya and Prime Mortgage Investments, Inc. At all times material to this cause, Montoya was a director with PMI. In a written agreement titled "Non-Circumvention, Non-Disclosure and Working Agreement" (NCND), Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG contractually agreed with Montoya that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the U.S. District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas. J. The signing parties hereby accept such selected jurisdiction as the exclusive venue.

It is significant that Mohammed Binladin and the TAMM Defendants, as the authorized agents of SBG, recognized, stipulated, and agreed that the State of Texas and the laws of the State of Texas were so important in interpreting and resolving conflicts that might arise with respect to the NCND written agreement *and other agreements between the parties*, that they agreed that the State of Texas and this Honorable Court shall be the "selected jurisdiction as the exclusive venue" for the resolution of all disputes. Equally important, in submitting themselves to this jurisdiction and venue, was the stipulation and agreement by Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, in the NCND written contract that:

> This document applies to this, and any future spot or contract purchases that may take place between the respective Buyer and Seller named. The associated Mandates, Buyers, Agents, Intermediaries, others referred to herein, are to be compensated for those current and future transactions in accordance with the principles set forth in this [NCND] agreement.

Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, thereby agreed and

22

stipulated to the necessary pre-requisites to confer jurisdiction and venue in this Honorable Court for the resolution of all disputes with respect to the NCND written agreement and all other disputes with respect to transactions involving themselves, Montoya, PMI, and other "Beneficiaries," such as Plaintiffs Farid Seif and Randy Depoister. Equally important, the NCND contractual agreement between Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, and Montoya also recognized Montoya as one of the "Beneficiaries" of that contract, entitled to receive 1% of the face value of the investments entered into by Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG.

Further, Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, had other substantial contacts with Houston, Texas, with respect to the performance of other oral and written contracts and transactions made the basis of this lawsuit. One of the Plaintiffs, Farid Seif, at all times material to this suit, has been a resident of Houston, Texas. Both Farid and Randy Depoister were "Beneficiaries" on the "Seller" side of all of the investment transactions and written contracts which Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, were obligated to perform under the terms and conditions of those written contracts. Therefore, Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, were required to render substantial performance of the written contract, together with other oral contracts which they made to Farid and Depoister as "Beneficiaries" of written contracts that were to be performed, in part, in Houston, Texas.

Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, purposely availed themselves of the privilege of conducting business activities within the State of Texas with one or more of the Plaintiffs, thus invoking the benefits and protections of the laws and statutes of

23

the State of Texas.  Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, purposely directed their activities toward the State of Texas in connection with the oral and written contracts made the basis of this lawsuit.  In entering into the transactions made the basis of this lawsuit, Mohammed Binladin's and the TAMM Defendants' acts, as the authorized agents of SBG, were voluntary and substantial, as those terms are defined and applied under the laws and statutes of the State of Texas, and the acts and omissions on the part of Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, were neither remote nor immaterial.  "But for" Mohammed Binladin's and the TAMM Defendants' voluntary actions, as authorized agents on behalf of SBG, in connection with the transactions, the oral and written contracts with the Plaintiffs, including the aforementioned NCND, the causes of action made the basis of this lawsuit, as set forth in this Amended Complaint, would not have arisen.

Therefore, Mohammed Binladin and the TAMM Defendants, as the authorized agents of SBG, have substantial contacts with the State of Texas in connection with the contracts and transactions made the basis of this lawsuit; and Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, reasonably could anticipate being hailed into the courts of the State of Texas, and in particular the U.S. District Court for the Southern District of Texas – this Honorable Court.  Further, Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, purposely established the contacts in connection with the transactions made the basis of this suit and the oral and written contracts with one or more of the Plaintiffs, taking into consideration negotiations which they entered into, the contemplated future consequences of the transactions and contractual agreements to which they agreed, the terms of the oral and written contracts they entered into, and the actual course of dealing which Mohammed Binladin and the TAMM Defendants, as

authorized agents of SBG, performed, or should have performed, in connection with the negotiation and anticipated performance of the transactions and written contracts they entered into with the Plaintiffs in this case. Furthermore, Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, could reasonably anticipate that the consequences arising from a dispute with respect these contracts, including the NCND, would be resolved in the State of Texas, particularly in the U.S. District Court in the Southern District of Texas – a jurisdiction and venue to which both Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, stipulated and agreed.

In other words, Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, voluntarily and purposely contracted "by mail or otherwise with a Texas resident [wherein] either party is to perform the contract in whole or in part in this state;" and Mohammed Binladin and the TAMM Defendants, as authorized agents of SBG, committed "a tort in whole or in part in this state," as set forth in detail within this Amended Complaint. Pursuant to Section 17.044(b), CPRC, **SUBSTITUTED SERVICE ON SECRETARY OF STATE**, "the Secretary of State is an agent for service of process on a non-resident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the non-resident is a party." Therefore, pursuant to Section 17.045, CPRC, the Secretary of State shall be served with duplicate copies of this First Amended Complaint and citation and service of process for SAUDI BINLADIN GROUP, and upon service of same upon the Secretary of State of the State of Texas, the Secretary of State shall immediately mail a copy of the First Amended Complaint and process to Defendant SAUDI BINLADIN GROUP, by registered mail, to:

SAUDI BINLADIN GROUP
Saudi Binladin Group Building
Prince Mohd Bin Abdul Aziz St.
Al-Rawdah District
Jeddah 21492
Kingdom of Saudi Arabia

For further service of process, if such be necessary, under Rule 4 of the Federal Rules of Civil Procedure, Defendant SAUDI BINLADIN GROUP may be served with this Plaintiffs' First Amended Complaint by serving same at Saudi Binladin Group Building, Prince Mohd Bin Abdul Aziz St., Al-Rawdah District, Jeddah 21492, Kingdom of Saudi Arabia.

10.    Defendant HASSAN BINLADIN ("HASSAN BINLADIN") is an individual whose primary place of residence is in Jeddah, Kingdom of Saudi Arabia.  He is the father of Mohammed H. Binladin.  He is Senior Vice-President of SBG, and also serves as a Director of SBG.  At all times material to this cause of action, HASSAN BINLADIN was acting within the scope of his authority and within the course and scope of his employment as an officer and vice-principal of SBG. As hereinafter alleged in this First Amended Complaint, Hassan Binladin was actually the first member of the Binladin family who initiated SBG's contacts for the investment transactions made the basis of this suit.  Hassan Binladin was also instrumental in arranging that SBG's substantial wealth, including but not limited to one or more bank accounts totaling over $1.6 Billion, would be utilized as the underlying investment money for the business transactions and investments made the basis of this lawsuit.  On behalf of SBG, Hassan Binladin was also instrumental in expressly authorizing and assigning to Defendants Mohammed H. Binladin, TAMM Company, TAMM Communications, and TAMM Modern Advertising Co. Ltd. the authority, duties, and responsibilities with respect to entering into the business transactions, investments, oral contracts, and/or written contracts made the basis of this lawsuit, with the use of SBG's bank accounts and the Binladin

family wealth.  Since the TAMM Defendants were acting as the authorized agents and assigns of Hassan Binladin with respect to the investment activities and business transactions that constitute the contacts and connections to the State of Texas in this lawsuit, ths Court also has personal jurisdiction over Hassan Binladin, under principles of agency, as that term is defined and applied under the laws and statutes of the State of Texas.  Therefore, the allegations set forth with respect to Defendants Mohammed H. Binladin, TAMM Company, TAMM Communications, and TAMM Modern Advertising Co. Ltd., as set forth in paragraphs 5 through 8 above, are applicable and pertain to Defendant Hassan Binladin, and are incorporated herein, as if set forth verbatim with respect to Hassan Binladin's substantial contacts with respect to the State of Texas, including but not limited to his agreement and consent, through Mohammed Binladin, TAMM Company, TAMM Communications, and TAMM Modern Advertising Co. Ltd. that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the U.S. District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas.  J. The signing parties hereby accept such selected jurisdiction as the exclusive venue.

This Honorable Court has previously issued a summons with respect to this Defendant; this Defendant was previously served with process, including receiving the Plaintiffs' Original Complaint, by mail; and this Defendant has previously received the requisite notice and service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Nevertheless, out of an abundance of caution, the Plaintiffs are hereby setting forth additional facts with respect to this Defendant and issuing additional citations to this Defendant, as set forth as follows:

In connection with the commercial transactions which are described in detail in this Amended Complaint, as authorized agents of Hassan Binladin, Mohammed Binladin and the TAMM

Defendants entered into oral and/or written contracts with Plaintiffs Michael T. Montoya and Prime

Mortgage Investments, Inc.  At all times material to this cause, Montoya was a director with PMI.

In a written agreement titled "Non-Circumvention, Non-Disclosure and Working Agreement"

(NCND), Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin

and SBG contractually agreed with Montoya that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with
> the U.S. District Court for the Southern District of Texas as the court of
> venue, and the rules of the IAC shall apply as the secondary controlling
> authority to the laws of the State of Texas.  J.  The signing parties hereby
> accept such selected jurisdiction as the exclusive venue.

It is significant that Mohammed Binladin and the TAMM Defendants, as the authorized agents of

Hassan Binladin and SBG, recognized, stipulated, and agreed that the State of Texas and the laws

of the State of Texas were so important in interpreting and resolving conflicts that might arise with

respect to the NCND written agreement *and other agreements between the parties*, that they agreed

that the State of Texas and this Honorable Court shall be the "selected jurisdiction as the exclusive

venue" for the resolution of all disputes.  Equally important, in submitting themselves to this

jurisdiction and venue, was the stipulation and agreement by Mohammed Binladin and the TAMM

Defendants, as authorized agents of Hassan Binladin and SBG, in the NCND written contract that:

> This document applies to this, and any future spot or contract purchases that
> may take place between the respective Buyer and Seller named.   The
> associated Mandates, Buyers, Agents, Intermediaries, others referred to
> herein, are to be compensated for those current and future transactions in
> accordance with the principles set forth in this [NCND] agreement.

Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG,

thereby agreed and stipulated to the necessary pre-requisites to confer jurisdiction and venue in this

Honorable Court for the resolution of all disputes with respect to the NCND written agreement and

28

all other disputes with respect to transactions involving themselves, Montoya, PMI, and other "Beneficiaries," such as Plaintiffs Farid Seif and Randy Depoister. Equally important, the NCND contractual agreement between Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, and Montoya also recognized Montoya as one of the "Beneficiaries" of that contract, entitled to receive 1% of the face value of the investments entered into by Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG.

Further, Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, had other substantial contacts with Houston, Texas, with respect to the performance of other oral and written contracts and transactions made the basis of this lawsuit. One of the Plaintiffs, Farid Seif, at all times material to this suit, has been a resident of Houston, Texas. Both Farid and Randy Depoister were "Beneficiaries" on the "Seller" side of all of the investment transactions and written contracts which Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, were obligated to perform under the terms and conditions of those written contracts. Therefore, Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, were required to render substantial performance of the written contract, together with other oral contracts which they made to Farid and Depoister as "Beneficiaries" of written contracts that were to be performed, in part, in Houston, Texas.

Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, purposely availed themselves of the privilege of conducting business activities within the State of Texas with one or more of the Plaintiffs, thus invoking the benefits and protections of the laws and statutes of the State of Texas. Mohammed Binladin and the TAMM Defendants, as

authorized agents of Hassan Binladin and SBG, purposely directed their activities toward the State of Texas in connection with the oral and written contracts made the basis of this lawsuit. In entering into the transactions made the basis of this lawsuit, Mohammed Binladin's and the TAMM Defendants' acts, as the authorized agents of Hassan Binladin and SBG, were voluntary and substantial, as those terms are defined and applied under the laws and statutes of the State of Texas, and the acts and omissions on the part of Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, were neither remote nor immaterial. "But for" Mohammed Binladin's and the TAMM Defendants' voluntary actions, as authorized agents on behalf of Hassan Binladin and SBG, in connection with the transactions, the oral and written contracts with the Plaintiffs, including the aforementioned NCND, the causes of action made the basis of this lawsuit, as set forth in this Amended Complaint, would not have arisen.

Therefore, Mohammed Binladin and the TAMM Defendants, as the authorized agents of Hassan Binladin and SBG, have substantial contacts with the State of Texas in connection with the contracts and transactions made the basis of this lawsuit; and Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, reasonably could anticipate being hailed into the courts of the State of Texas, and in particular the U.S. District Court for the Southern District of Texas – this Honorable Court. Further, Mohammed Binladin and the TAMM Defendants, as authorized agents of Hassan Binladin and SBG, purposely established the contacts in connection with the transactions made the basis of this suit and the oral and written contracts with one or more of the Plaintiffs, taking into consideration negotiations which they entered into, the contemplated future consequences of the transactions and contractual agreements to which they agreed, the terms of the oral and written contracts they entered into, and the actual course of dealing which